# EXHIBIT B

Edward M. Higginbotham SBN 231636
Paul L. Alaga, SBN 221165
Ian Kelley SBN 215393
BRYANT LAW GROUP
885 Bryant Street, 2nd Floor
San Francisco, CA 94103
(415) 581-0885
(415) 581-0887 - fax

Attorneys for Plaintiffs

FILED
ALAMEDA COUNTY
Feb 27,
MAR 0-1 2019
CLERK OF THE SUPERIOR COURT
By _____
ERICA BAKER, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| RITA SANTIAGO JIMENEZ; DINORA DEL ROSARIO HENRIQUEZ PAIZ; JUANA MARIA QUINTERO; JULIO CESAR BRISENO QUINTERO; MARIA ELISA MEDINA RAMOS; ELVIRA AVILA RUIZ; and SANDRA ZEPEDA,<br><br>Plaintiffs,<br><br>vs.<br><br>SPROUTS FARMERS MARKET, INC.; DOES 1-50,<br><br>Defendants. | No: RG19008959<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiffs, and each of them, allege as follows:

## JURISDICTION AND VENUE

1. This Court is the proper court and this action is properly filed in the County of Alameda and in this judicial district as Defendants do business in this County and Defendants' obligations and liabilities arose herein.

*Jimenez et al. v. Sprouts Farmers Market, Inc.*
Complaint for Damages
- 1 -



2. To the degree that the causes of action alleged herein require either particular administrative compliance or the exhaustion of administrative remedies, that compliance has been made and those administrative remedies exhausted.

## PARTIES

3. Defendant Sprouts Farmer's Market, Inc. ("SPROUTS") is a corporation organized under the laws of the State of Delaware and operating a series of grocery stores in California marketed as an "Everyday Healthy Grocery Store."

4. Plaintiff Rita Santiago Jimenez ("JIMENEZ") is a former non-exempt employee of SPROUTS.

5. Plaintiff Dinora Del Rosario Henriquez Paiz ("PAIZ") is a former non-exempt employee of SPROUTS.

6. Plaintiff Juana Maria Quintero ("QUINTERO") is a former non-exempt employee of SPROUTS.

7. Plaintiff Julio Cesar Briseno Quintero ("BRISENO") is a former non-exempt employee of SPROUTS.

8. Plaintiff Maria Elisa Medina Ramos ("RAMOS") is a former non-exempt employee of SPROUTS.

9. Plaintiff Elvira Avila Ruiz ("RUIZ") is a former non-exempt employee of SPROUTS.

10. Plaintiff Sandra Zepeda ("ZEPEDA") is a former non-exempt employee of SPROUTS.

11. The true names and capacities of the defendants DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at the time of filing of this Complaint. Plaintiffs therefore sue said defendants by fictitious names and will ask leave of court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and therefore allege, that each of the DOE defendants is in some manner responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiffs as alleged.

12. Except as herein otherwise specifically alleged, Plaintiffs are informed and believe, and thereon alleges, that at all relevant times mentioned herein each of the defendants was the agent, partner, employee, and representative of each of the remaining defendants, and in doing the acts and omissions hereinafter alleged, was acting within the scope of such agency, partnership, employment, and representation, and with the consent, permission, and ratification of each of the other defendants. References to "defendants" are inclusive of all defendants unless specifically noted otherwise.

## STATEMENT OF FACTS

13. JIMENEZ began her employment for SPROUTS on or about March 13, 2017. JIMENEZ was harassed and discriminated against by SPROUTS and its agents on account of her race and ethnicity. As a result of the harassment and discrimination by SPROUTS and its agents, she left her employment with SPROUTS on or about July 14, 2017. JIMENEZ believes and thereon alleges that the harassment and discrimination was based on race and ethnic heritage.

14. PAIZ began her employment with SPROUTS on or about March 16, 2017. PAIZ was harassed and discriminated against by SPROUTS and its agents on account of her race and ethnicity. As a result of the harassment and discrimination by SPROUTS and its agents, she left her employment with SPROUTS on or about July 13, 2017. PAIZ believes and thereon alleges that the harassment and discrimination was based on race and ethnic heritage.

15. QUINTERO began her employment for SPROUTS on or about March 11, 2017. QUINTERO was harassed and discriminated against by SPROUTS and its agents on account of her race and ethnicity. As a result of the harassment and discrimination by SPROUTS and its agents, she left her employment with SPROUTS on or about July 29, 2017. QUINTERO believes and thereon alleges that the harassment and discrimination was based on race and ethnic heritage.

16. BRISENO began his employment for SPROUTS on or about March 13, 2017. BRISENO was harassed and discriminated against by SPROUTS and its agents on account of

his race and ethnicity. As a result of the harassment and discrimination by SPROUTS and its agents, she left her employment with SPROUTS on or about July 8, 2017. BRISENO believes and thereon alleges that the harassment and discrimination was based on race and ethnic heritage.

17. RAMOS began his employment for SPROUTS on or about March 28, 2017. RAMOS was harassed and discriminated against by SPROUTS and its agents based on his race and ethnicity and as a result left his employment with SPROUTS on or about October 9, 2017. RAMOS believes and thereon alleges that the harassment and discrimination was based on race and ethnic heritage.

18. RUIZ began her employment for SPROUTS on or about March 23, 2017. RUIZ was harassed and discriminated against by SPROUTS and its agents on account of her race and ethnicity. As a result of the harassment and discrimination by SPROUTS and its agents, she left her employment with SPROUTS on or about July 14, 2017. RUIZ believes and thereon alleges that the harassment and discrimination was based on race and ethnic heritage.

19. ZEPEDA began her employment and was promoted to a regional trainer for SPROUTS. ZEPEDA who trained and oversaw training of many employees, including some of the Plaintiffs became concerned with the treatment of Hispanic employees that spoke predominantly Spanish. ZEPEDA was harassed and discriminated against by SPROUTS and its agents on account of her race and ethnicity. After ZEPEDA voiced her complaints she became the target of the harassment and discrimination by SPROUTS and its agents. ZEPEDA went on disability towards the end of May of 2017. During June of 2017 she continued to voice he concerns with the discrimination that she had witnessed and also notified human resources that she was being harassed. ZEPEDA was placed on some form of administrative suspension as of June 16, 2017 and despite being on disability was terminated in September of 2017. ZEPEDA believes and thereon alleges that the harassment and discrimination was based on race and ethnic heritage.

## FIRST CAUSE OF ACTION

## FAILURE TO COMPENSATE FOR ALL HOURS WORKED

## UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS

## AND CALIFORNIA LABOR CODE

(By all Plaintiffs as against all Defendants)

20. Plaintiffs re-allege and incorporate by reference as if fully set forth herein paragraphs 1-19 above.

21. At all times relevant herein, Defendants were required to compensate Plaintiffs for all hours worked, pursuant to the California Industrial Welfare Commission Orders.

22. During their entire employment, Defendants failed to compensate Plaintiffs JIMENEZ, PAIZ, QUINTERO, BRISENO, RAMOS, RUIZ and SEPEDA for all hours worked.

23. Under the aforementioned wage orders, Plaintiffs are entitled to recover compensation for all hours worked but not paid by Defendants that are not barred by the applicable statute of limitations at the time of the filing of this complaint.

24. As a proximate result of the aforementioned violations, Plaintiffs have been damaged in an amount to be determined according to proof at trial.

25. Defendants' conduct described herein violates, without exclusion, Labor Code section 200 *et seq.* Pursuant thereto, Plaintiffs are entitled to recover damages for the nonpayment of wages for all hours worked plus penalties, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

## UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS

## AND CALIFORNIA LABOR CODE

(By all Plaintiffs as against all Defendants)

26. Plaintiffs re-allege and incorporate by reference as if fully set forth herein paragraphs 1-25 above.

27. Pursuant to the Industrial Welfare Commission Orders, Defendants were required to compensate Plaintiffs for all overtime, at the lawfully calculated rate.

28. Plaintiffs were nonexempt employees entitled to the protections of Industrial Welfare Commission Orders and the Labor Code. During the course of Plaintiffs' employment, Defendants failed to compensate Plaintiffs JIMENEZ, PAIZ, QUINTERO, BRISENO, RAMOS, RUIZ and SEPEDA for overtime hours worked.

29. Under the aforementioned Wage Orders, Plaintiffs are entitled to one-and one-half (1 ½) times and/or double her regular rate of pay for overtime work performed during the time preceding the filing of this complaint, based upon appropriate calculations of the total remuneration for each work week.

30. In violation of state law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiffs for all wages earned and all hours worked. As a direct result Plaintiffs have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, in amounts according to proof at trial.

31. Defendants committed the acts herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights. Defendants acts of altering work records in the computer to avoid paying Plaintiffs overtimes is an example of such despicable and malicious acts. Plaintiffs are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at trial.

32. Defendants' conduct described herein violates, without exclusion, Labor Code section 200 *et seq*. Pursuant thereto, Plaintiffs are entitled to recover damages for the nonpayment of wages for all hours worked plus penalties, reasonable attorney's fees and costs of suit.

### THIRD CAUSE OF ACTION
### WAITING TIME PENALTIES

## PURSUANT TO LABOR CODE SECTION 203

(By all Plaintiffs as against all Defendants)

33. Plaintiffs re-allege and incorporate by reference as if fully set forth herein paragraphs 1-32 above.

34. Defendants willfully refused and continue to refuse to pay Plaintiffs JIMENEZ, PAIZ, QUINTERO, BRISENO, RAMOS, RUIZ and SEPEDA's wages in a timely manner, as required by Labor Code section 203. Plaintiffs therefore request restitution and penalties as provided by Labor Code section 203.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL AND REST BREAKS

## PURSUANT TO LABOR CODE SECTION 226.7

(By all Plaintiffs as against all Defendants)

35. Plaintiffs re-allege and incorporate by reference as if fully set forth herein paragraphs 1-34 above.

36. Pursuant to the Industrial Welfare Commission Orders, Defendants could not require their employees to work during any meal or rest periods. However, during the time that Plaintiffs JIMENEZ, PAIZ, QUINTERO, BRISENO, RAMOS, RUIZ and SEPEDA were employed by Defendants, Defendants failed to provide the meal and rest breaks mandated by the Industrial Welfare Commission Orders. Plaintiffs therefore seek penalties as provided by Labor Code section 226.7.

## FIFTH CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF UNRUH ACT

(By all Plaintiffs as against all Defendants)

37. Plaintiffs re-allege and incorporate by reference as if fully set forth herein paragraphs 1-36 above.

*Jimenez et al. v. Sprouts Farmers Market, Inc.*
Complaint for Damages
- 7 -

38. Plaintiffs JIMENEZ, PAIZ, QUINTERO, BRISENO, RAMOS, RUIZ and SEPEDA are informed and believes, and thereon alleges that they were denied equal accommodations, advantages, privileges, facilities and services of each Defendant on the basis of race.

39. Plaintiffs, and each of them are informed and believes, and thereon allege that he was treated in a discriminatory fashion in being discriminated against.

40. As a proximate cause of the unlawful conduct of each Defendant, Plaintiff, as discussed above, has been harmed and have suffered lost wages, benefits and suffered the intangible loss of employment related opportunities in an amount to be proven at trial.

41. The above-recited actions of Defendants and each of them were done with malice, fraud, oppression and/or reckless disregard of Plaintiffs and their rights under the Unruh Act; specifically, Defendants actions and inactions in discriminating, and harassing Plaintiff were oppressive, fraudulent, malicious and/or in reckless disregard of Plaintiff's rights and welfare and therefore warrant the impositions of an award of punitive damages

42. As a further proximate result of Defendants actions against Plaintiff, as alleged above, Plaintiffs have been forced to retain the service of an attorney to protect and preserve their rights and as a result have suffered damages which they are entitled to recover under statute in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

**Retaliation in Violation of Cal. Gov't. Code § 12900 et seq.**

(By all Plaintiffs as against all Defendants)

43. Plaintiffs re-allege and incorporate by reference as if fully set forth herein paragraphs 1-42 above.

44. As detailed above, Defendants and/or Does 1-50 engaged in discrimination and/or harassment of Plaintiffs JIMENEZ, PAIZ, QUINTERO, BRISENO, RAMOS, RUIZ and SEPEDA based on their race, and engaged in other practices that are forbidden by the FEHA.

45. As detailed above, Plaintiffs engaged in protected activities by protesting and/or reporting unlawful discriminatory and harassing conduct to his superiors. Defendants however continued to discriminate and/or harass Plaintiffs.

46. In committing the acts detailed herein, Plaintiffs are informed and believes, and thereon alleges, that Defendants took adverse action against Plaintiffs affecting the terms and conditions of their employment in retaliation for their opposing the unlawful conduct alleged herein.

47. The retaliatory conduct alleged was carried out by the supervisors, agents and/or officers of Defendants in the course and scope of their employment. Defendants are therefore strictly liable for the unlawful conduct of their supervisors, agents and/or officers.

48. Plaintiffs are informed and believe, and thereon allege, that Defendants authorized and/or ratified the conduct of their agents by engaging in a system and pattern of encouraging the retaliatory treatment of Plaintiffs, and retaining these agents after learning of their retaliatory conduct toward Plaintiffs.

49. As a proximate cause of the retaliatory conduct of against Plaintiffs, as discussed above, Plaintiffs have been harmed and have suffered the loss of wages, salary, benefits and have suffered the intangible loss of such employment related opportunities as the opportunity for advancement and promotion within the organization in an amount which will be proven at the time of trial.

50. As a further proximate result of the retaliatory conduct of Defendants against Plaintiffs, as discussed above, Plaintiffs have been harmed and have suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body. As a result of such retaliatory conduct and consequent harm, Plaintiffs have suffered damages in an amount to be proven at the time of trial.

51. The above-recited actions of Defendants were done with malice, fraud, oppression and/or in reckless disregard of Plaintiff's rights under the FEHA; specifically, Defendants' actions and inactions in retaliating against Plaintiff were oppressive, fraudulent, malicious

and/or in reckless disregard of Plaintiff's rights and welfare and therefore warrants the imposition of an award of punitive damages.

52. As a further proximate result of Defendants' actions against Plaintiffs as alleged above, Plaintiffs have been forced to retain the service of an attorney to protect their rights and as a result, have suffered damages which they are entitled to recover under statute in an amount which will be proven at the time of trial.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

//
//

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for judgment as follows:

1. For compensatory damages, according to proof;
2. For prejudgment interest on all unpaid wages according to proof;
3. For waiting time penalties pursuant to Labor Code section 203.
4. For statutory penalties pursuant to the Labor Code;
5. For punitive damages, according to proof;
6. For costs of suit incurred herein;
7. For attorney's fees and costs pursuant to the Labor Code;
8. For such further relief as the court deems just and proper.

Dated: February 19, 2019

Respectfully Submitted,

Paul L. Alaga
Attorney for Plaintiffs